CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
—for Roanoke
DEC 13 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY NATHANIEL NICHOLAS,<br>Plaintiff, | )<br>)  Civil Action No. 7:07-cv-00576<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| BARRY KANODE, et al.,<br>Defendants. | )  By: Hon. Jackson L. Kiser<br>)  Senior United States District Judge |

Plaintiff Jerry Nathaniel Nicholas, an inmate at the Patrick Henry Correctional Unit #28 ("PHCU") in Ridgeway, Virginia, brings this pro se action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights by refusing to approve him to "work outside the fence." The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, the court will dismiss this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I. Factual Background[2]

Plaintiff has submitted documentation of his exhaustion of the administrative remedies regarding the instant matter. On June 5, 2007, he filed an informal complaint, which was denied on June 11, 2007. Thereafter, on June 12, 2007, plaintiff filed a regular grievance. On July 10, 2007, Barry Kanode, the superintendent at PHCU, issued his Level I response to plaintiff's grievance, stating, in pertinent part:

> Grievance Summary: In your grievance, (00192) you state that you are appealing the decision of Superintendent Kanode to disapprove you for an outside work assignment on the highway work crew. You state that you were "charged for a sexual assault in

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] The facts have been adduced from plaintiff's complaint and the documents submitted in support thereof.

> 1993 that you never committed" and that you went to court and the charge was dismissed.[3] Finally, you request to be placed on the VDOT road crew or the GROC trusty work crew.
>
> Informal Summary: This matter was discussed with you by Counselor Havens as part of the informal resolution attempt. You were informed at that time that decisions regarding outside work assignments are made at the discretion of the Superintendent, based upon documentation relative to your present and past criminal history.
>
> Investigation: Investigation of your complaint reveals that you were disapproved for an outside work assignment based upon two 1993 charges for "2nd degree sexual assault on a minor". [sic] It is true that both charges were dismissed; nevertheless, it remains the decision of the Superintendent that you will not be classified for an assignment on the highway work crew. It is noted that you currently have a work assignment in the food service operations.

Plaintiff was advised that his grievance was determined to be unfounded, but that he could appeal. Plaintiff appealed and, on August 8, 2007, the Regional Director for the Western Regional Office of the Virginia Department of Corrections Regional Director issued his Level II response, stating, in relevant part:

> Your grievance appeal has been reviewed along with the Level I response and your original complaint. Your request to be assigned to a work assignment outside the fence has been investigated. Investigation revealed that inmates are approved to work outside the fence at the discretion of the Superintendent. Superintendent Kanode reviewed your record and determined that it would not be in the best interest of the unit to assign you to a job working outside the fence at this time. It should be noted that you are currently employed in food service. . . .

## II. Discussion

Plaintiff alleges that he "was discriminated against on 06-05-07 because of a charge I never committed and refused to be treated like the rest of the inmates at [PHCU]. . . ." He states that defendants "have been prejudice [sic] and biased because I have proved to them that I did not do

---

[3] Plaintiff submits a copy of a letter, dated June 19, 2007, from a law clerk for the La Crosse County Circuit Court in La Crosse, Wisconsin, indicating that charges against plaintiff were dismissed in that court's case number 93-CF-1366.

this."

Plaintiff's claim must fail. An inmate's expectation of keeping or obtaining a specific prison job, or any job, does not implicate a protected constitutional right. See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (opining that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection). In sum, inmates have no independent constitutional right to job opportunities while incarcerated, and prison officials may generally terminate an inmate from his job for any reason without offending constitutional principles.[4] See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (applying Sandin v. Conner, 515 U.S. 472, 484 (1995) (a prisoner's liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as

---

[4] Plaintiff failed to allege a discriminatory motive in the decision not to allow him to "work outside the fence" as required to show a violation of the Fourteenth Amendment's Equal Protection Clause. See Castaneda v. Partida, 430 U.S. 482, 493 (1977); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977). Prisoners are not a suspect class. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Plaintiff's conclusory allegations that he was "discriminated against" and that defendants "have been prejudice [sic] and biased" against him is insufficient to state a claim of discriminatory intent. See Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974).

to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life")).[5]

Accordingly, plaintiff's claim must be dismissed.

### III. Conclusion

For the stated reasons, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate order will be entered this day.

**ENTER**: This 13th day of December, 2007.

_____
Senior United States District Judge

---

[5] Plaintiff does not allege that being removed from the "outside the fence" work force has caused him to lose the ability to accrue good time credits or that he has actually lost any good time credits. Thus, his situation does not present a case in which the complained-of action "will inevitably affect the duration of his sentence." See Sandin, 515 U.S. at 487; see also Bulger, 65 F.3d at 50. No liberty interest is at issue here. Clearly, defendants' refusal to permit plaintiff to "work outside the fence," while permitting plaintiff to work within the prison, does not offend constitutional principles

4